IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD LaJAMES WOOTEN, | ) | |
| Petitioner, | ) | |
| vs. | ) | Civil Action  09-0066-KD-C |
| UNITED STATES OF AMERICA, | ) | Criminal Action 06-0208-KD-C |
| Respondent. | ) | |

## ORDER

This matter is before the Court on Petitioner's "motion to add or amend findings of fact

52(b) motion for reconsideration of summary judgment 59(e)" (doc. 73), "motion to correct

clerical error in judgment Federal Rule of Civil Procedure 60(a)" (doc. 75), and supporting

documents (71, 72, 74, 75).  Upon consideration, and for the reasons set forth herein, the motion

to correct is **DENIED,** the motions under Rule 52(b) and 59(e) are **DENIED**, and the motion to

reconsider under Rule 60(b)(6) is **GRANTED**.

Background

On February 6, 2009, petitioner filed a motion to vacate, set aside, or correct a sentence

under 28 U.S.C. § 2255 alleging five claims of ineffective assistance of counsel with supporting

memorandum (docs. 57, 58).  The Government filed a motion to dismiss (doc. 65).  On May 26,

2009, Magistrate Judge William E. Cassady entered a report and recommendation wherein he

recommended that petitioner's motion be denied.  On June 8, 2009, petitioner moved for an

extension of time to object to the report and recommendation (doc. 67).  The motion was granted

in part and the deadline for filing an objection was set for July 13, 2009.  Petitioner did not file

an objection.  On July 23, 2009, the District Court adopted the report and recommendation of the

Magistrate Judge and judgment was entered wherein petitioner's motion was denied (docs. 69, 70).  On August 20, 2009,[1] the court docketed petitioner's response in opposition to the Magistrate Judge's recommendations (doc. 71), memorandum in support (doc. 72), "motion to add or amend findings of fact 52(b) motion for reconsideration of summary judgment 59(e)" (doc. 73),[2] affidavit of due diligence in regard to filing these motions and supporting documents (doc. 74), and motion to correct clerical error in judgment Federal Rule of Civil Procedure 60(a) (doc. 75).[3]

Analysis

In the motion to correct clerical error, petitioner asserts that there has been a clerical mistake or oversight because his objection to the Report and Recommendation, which he alleges was mailed on July 1, 2009, (approximately two weeks before the deadline of July 13, 2009) was not docketed and consequently was not addressed in the Court's order adopting the Report and Recommendation.[4]  However, there is no evidence of clerical mistake, oversight, or omission in the Court's order or other part of the record. See Fed. R. Civ. P. Rule 60(a).  Although Wooten has presented an affidavit stating that he mailed his objection and memorandum on July 1, 2009,

---

[1] Although the documents were docketed on August 20, 2009, petitioner filed a notarized affidavit explaining his due diligence in responding to the order and judgment.  Petitioner explained that he did not receive the order and judgment dated July 23, 2009 until July 31, 2009, that the institution had been on "lock down" status until August 9, 2009 because of H1N1 flu virus exposure, and that he "could not get confirmation & notarization" until August 13, 2009 (doc. 74). Giving petitioner the benefit of the mail box rule, Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), these documents are deemed filed on August 13, 2009, the date he gave them to the prison officials for notarization and mailing.

[2] Petitioner signed this motion on August 8, 2009.

[3] Petitioner signed this motion on August 8, 2009.

[4] The order stated that no objection had been filed.

he has presented no evidence that the documents were <u>received</u> by the Court and erroneously not docketed before July 23, 2009, the date the Court adopted the Report and Recommendation. Accordingly, the motion pursuant to Rule 60(a) (doc. 75) is **DENIED**.

Petitioner also moves the Court to reconsider its order adopting the Report and Recommendation, reopen this case, and consider his objection and supporting memorandum. Petitioner brings this motion pursuant to Rule 52(b) and 59(e). The versions of Rule 52(b) and 59(e) in effect at the time Petitioner filed his motion provided that the party must file their motion no later than 10 days after the entry of judgment. Fed. R. Civ. P. 52(b) & 59(e).[5] Petitioner presents an affidavit stating that he mailed these motions on August 13, 2009. However, the order and judgment were entered on July 23, 2009, and excluding weekends, his motions were due on August 6, 2009. Therefore, the motions are untimely. Also, the ten-day time period under Rule 59(e) has been construed as jurisdictional and cannot be extended by the Court. <u>Glass v. Seaboard C.L.R. Co.</u>, 714 F.2d 1107, 1109 (11th Cir. 1983); <u>Hertz Corp. v. Alamo Rent-A-Car, Inc.</u>, 16 F.3d 1126, 1129(11th Cir.1994) ("[A]n untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction."). Therefore, to the extent that petitioner brings his motions pursuant to Rule 52(b) and 59(e), the motions are **DENIED**.

However, the Eleventh Circuit has held that whenever a Rule 59(e) motion is not timely filed, it may be construed as a motion for relief from judgment under Rule 60(b)(6). <u>See</u> <u>Mahone v. Ray</u>, 326 F.3d 1176, 1177-78 n.1 (11th Cir. 2003) ("Here, because it was not filed within 10 days of the district court's entry of judgment, Mahone's motion is cognizable only as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) . . . Accordingly, we will so

---

[5] These rules were amended effective December 1, 2009, to provide 28 days.

construe it.) (citations omitted).  But, petitioner may not use a Rule 60(b) motion as an attempt to

circumvent the statutory restrictions on filing a second or successive § 2255 motion. 28 U.S.C. §

2255(h); 28 U.S.C. § 2244(b)(3)(A).  Therefore, the Court must determine whether petitioner's

motion attempts to circumvent the statute and is an impermissible successive § 2255 motion or is

a valid motion under Rule 60(b).

       The relevant portion of Fed.R.Civ.P. 60(b) provide as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion
> and just terms, the court may relieve a party or its legal representative from a final
> judgment, order, or proceeding for the following reasons: . . . (6) any other reason
> that justifies relief..

Fed.R.Civ.P. 60(b)(6).

       The Eleventh Circuit has explained that

> Rule 60(b) does not provide for relief from judgment in a criminal case, United
> States v. Fair, 326 F.3d 1317, 1318 (11th Cir.2003) (per curiam), but may provide
> relief in limited circumstances from the denial of a § 2255 motion, see Gonzalez
> v. Crosby, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005). We
> construe a Rule 60(b) motion as a post-conviction motion to vacate a sentence
> under § 2255 where it "seeks to add a new ground for relief," or "attacks the
> federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S.
> at 532, 125 S.Ct. at 2648 (emphasis omitted). In order to file a second or
> successive § 2255 motion, a federal prisoner must obtain our permission. See 28
> U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244(b). A petitioner who files a
> Rule 60(b) motion may not circumvent the statutory restrictions on second or
> successive applications, unless the Rule 60(b) motion attacks a defect in the
> integrity of the federal habeas proceedings, such as fraud upon the federal court
> that led to the denial of the original habeas petition. Gonzalez, 545 U.S. at 532,
> 125 S.Ct. at 2648.

United States v. Winston, 2009 WL 3080848, *1 (11th Cir. September 28, 2009).  Additionally,

a "movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances, justifying

the reopening of a final judgment." Id. citing Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2649.

       In petitioner's favor, he seeks only to have the Court review his objections to the report

and recommendation on basis that he gave his objection and memorandum to prison officials on

July 1, 2009, but those documents were not received by the Court. Petitioner also filed affidavits

showing his diligence in bringing this to the Court's attention, explaining that the report and

recommendation  was adopted on July 23, 2009, he received a copy on July 31, 2009, he

prepared his motion and attachments on August 8, 2009, but could not obtain a notary in the

prison and turn his documents over for mailing until August 13, 2009.[6]

Petitioner's motion does not seek to "add a new ground for relief or add a new claim".

Williams, supra.  In a sense, the motion does seek to "attack[] a federal court's previous

resolution of a claim on the merits" id, since petitioner moves the Court to reconsider its decision

to adopt a report and recommendation addressing the merits of his claim and not simply

recommending denial on procedural grounds.  However, in a stronger sense, petitioner's motion

attacks "some defect in the integrity of the federal habeas proceedings", i.e., the alleged failure

of prison officials to mail petitioner's objection and memorandum July 1, 2009.[7]  Petitioner

asserts that he "placed the objections in the care of prison authorities for forwarding in

accordance with Houston v. Lack, 101 L.Ed.2d 245 (1988), on July 1, 2009, inside the USP

McCreary legal mail box", that the Court adopted the magistrate judge's recommendation stating

that no objection had been filed on July 23, 2009, that the Court "missed or was not provided

with" his objection, that this error was prejudicial to him becuase he did not have an opportunity

to have his claims addressed, and that "reconsideration is necessary to prevent manifest

---

[6] Petitioner's affidavit of diligence was notarized on August 13, 2009, and received by the Court on August 20, 2009.  The envelope bears a prison processing stamp of August 15, 2009. (doc.75, p.3).

[7]  For purposes of this motion, the Court assumes that petitioner's allegations are truthful.

injustice".  (doc. 73).  At no point in his motion, does petitioner speak to the merits of the

magistrate judge's report and recommendation.  Therefore, giving petitioner's pleadings the

liberal construction due to pro se petitioners, United States  v. Daniels, 303 Fed.Appx. 806, 807

(11th Cir. 2008) (citation omitted), petitioner's motion should not be construed as a successive §

2255 petition. Id.

    The Court next looks to whether petitioner has established the extraordinary

circumstances necessary for the Court to grant the Rule 60(b) motion and reopen this case.  The

notarization of petitioner's affidavits on July 1, 2009, supports his statement that he placed his

objection with prison officials on July 1, 2009.  It is reasonable to believe that he gave these

documents to the prison officials on that date.  There is nothing more that he could do to mail his

objection and affidavits in support.  Also, petitioner appears to have exercised due diligence.

See Gonzalez,545 U.S. at 537, 125 S. Ct at 2651 (discussing the exercise of diligence as part of

the extraordinary circumstances inquiry).  Petitioner received the judgment and order adopting

the report and recommendation on July 31, 2009.  At that time, he became aware that the Court

had not received his objection and memorandum. By August 13, 2009, petitioner prepared and

mailed the pleadings now before the Court.

    Accordingly, petitioner's motion (doc. 73) is **GRANTED** and the Court will reopen his

case and consider his objections to the Magistrate Judge's report and recommendation.

    **DONE** this the 20th day of January, 2010.


                              **s/ Kristi K. DuBose**
                              **KRISTI K. DuBOSE**
                              **UNITED STATES DISTRICT JUDGE**