# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| RONALD LaJAMES WOOTEN, | : | |
|---|---|---|
| Petitioner, | : | |
| vs. | : | Civil Action  09-0066-KD-C |
| UNITED STATES OF AMERICA, | : | Criminal Action 06-0208-KD-C |
| | : | |
| Respondent. | | |

## ORDER

This action is now before the Court on the motion to reopen time for appeal/COA with memorandum and affidavit in support filed by Ronald LaJames Wooten (docs. 80, 81).[1] Upon consideration and for the reasons set forth herein, the motion is **DENIED.**

On January 22, 2010,[2] this Court entered a judgment and order denying Wooten's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (docs. 77, 78). On April 28, 2010,[3] Wooten filed a motion for certificate of appealability which has been referred to the

---

[1] Wooten filed a document captioned "Memorandum in Support of Motion to Reopen Time for Appeal/COA" (doc. 80), but did not file a separate motion to reopen. However, the Court will construe the document as a motion to reopen with memorandum in support. See FED. R. CIV. P. 8(f) "All pleadings shall be so construed as to do substantial justice."; Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir.2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quotations omitted), cert. denied, 549 U.S. 1323, 127 S.Ct. 1908 (2007).

[2] Wooten identifies the date of entry of final judgment as January 20, 2010. However, the order entered on that date reopened Wooten's case and informed Wooten that the Court would consider his objections to the report and recommendation (doc. 76). Subsequent thereto, on January 22, 2010, the order adopting the report and recommendation and final judgment denying his motion to vacate were entered (docs. 77, 78).

[3] The documents were filed May 3, 2010. However, Wooten receives the benefit of the prison mailbox rule and is considered to have "filed" his motions on the day they were delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 271-272 (1988).

Magistrate Judge, a motion to reopen time for appeal/COA with memorandum and affidavit in support (docs. 79, 80, 81).

In the affidavit, Wooten states that he received a copy of the judgment denying his § 2255 petition on March 23, 2010 (doc. 81). He also states as follows:

> After that [commissary] was closed for inventory and I was not able to purchase a copy card and a typing ribbon. Once I was [financially] able to purchase such, the institution here has been receiving difficulties. For we have been lockdown and I [have] not been able to go to the law library to use the type writers or the copying machines.

(doc. 81). Wooten provides two documents, dated April 7, 2010 and April 13, 2010, which appear to be notices to staff and inmates that the prison was placed on lockdown status (doc. 80, p.3-4)

In the memorandum, Wooten argues that the Court should grant his motion to reopen the time for appeal because conditions beyond his control prevented him from filing a timely motion for certificate of appealability. Specifically, Wooten argues that he did not receive notice of the entry of judgment until March 29, 2010, which was beyond the time period for filing a notice of appeal. He also argues that he filed his "motion within seven days after being able to purchase a typing ribbon, copy card and being off of institutional lockdown status." (doc. 80, p. 2). Wooten also argues that granting the motion to reopen time for appeal will not prejudice the United States' case or position.

Wooten argues that the Court should apply Rule 4(a)(6)(A) and reopen the time for filing an appeal. The Rule provides as follows:

---

Wooten's affidavit was signed and notarized on April 27, 2010. His motion for certificate of appealability and his memorandum were signed and dated on April 28, 2010, thus, the Court will assume that Wooten delivered his documents for mailing on April 28, 2010. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (assuming, without evidence to the contrary, that "Washington's motion was delivered to prison authorities the day he signed it").

(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4.[4]

Addressing the elements in order, Wooten provides his affidavit stating that he did not receive a copy of the order and judgment until March 29, 2010,[5] which was more than 21 days after the order and judgment were entered on January 22, 2010. Wooten filed his motion on April 28, 2010, thus it was not filed within 14 days after he received notice of the entry of the order and judgment on March 29, 2010. Giving Wooten the benefit of receiving the order and judgment on March 29, 2010, and adding 3 days,[6] Wooten's motion to reopen should have been filed on or before April 15, 2010. The motion was filed on April 28, 2010.

---

[4] The 180 day time period is not available for Wooten. He filed an affidavit stating that he received notice of the entry of judgment on March 29, 2010. See Robinson v. United States, 2008 WL 696877, 1 (M.D.Ala. March 13, 2008) ("The [fourteen]-day period specified in Rule 4(a)(6) applies only where the moving party has received notice of the entry of judgment before expiration of the 180-day period in Rule 4(a)(6)").

[5] In the affidavit, Wooten states that he received notice on March 23, 2010. However, in his memorandum he states that he received notice on March 29, 2010.

[6] Fed. R. App. P. 26 Computing and Extending time, 26(c) "Additional Time after Service. When a party may or must act within a specified time after service, 3 days are added after the period would otherwise expire under Rule 26(a). . ." "(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time."

3

In regard to the second element, Rule 4(a)(6) limits the Court's authority to reopen to only those cases in which <u>all</u> elements of the Rule are met. Wooten, however, did not file his motion to reopen within 14 days of receiving notice of the entry of the judgment and order. Even though Wooten argues that he was precluded from timely filing because of circumstances beyond his control, Rule 4(a)(6) does not provide for a showing of good cause or excusable neglect, or equitable tolling. See <u>Leonard v. Holmes</u>, 335 Fed. Appx. 896, 898 (11th Cir. 2009) ("Thus, because Rule 4(a) is jurisdictional, . . . and compliance with the time periods set forth in Rule 4 is the only method of obtaining relief for failure to receive notice,. . . Leonard is not entitled to reopen his time to file an appeal.") (internal citations omitted). The Eleventh Circuit Court of Appeals has explained that the time periods set forth in Rule 4(a)(6) take into consideration an equitable balancing of the parties' interests. <u>Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.</u>, 279 F.3d 1306, 1309 (11th Cir. 2002) ("By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments.").

Accordingly, Wooten's motion to reopen time to file an appeal is **DENIED**.

**DONE** this June 4, 2010.

                                            <u>**s/ Kristi K. DuBose**</u>
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**